**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Linda Barbano,<br><br>      Plaintiff,<br><br>v.<br><br>Washington Mutual/Chase,<br><br>      Defendant. | No. CV-15-00297-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff's First Amended Complaint. (Doc. 8.) Plaintiff filed her initial Complaint and an Application to proceed *in forma pauperis* on February 18, 2015. (Doc. 2.) On April 30, 2015, the Court granted the Application, screened her Complaint, and dismissed it with leave to amend. (Doc. 7.) On May 29, 2015, Plaintiff filed her First Amended Complaint. As detailed below, the Court will dismiss Plaintiff's First Amended Complaint because her claims are time-barred, and her First Amended Complaint fails to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff leave to file a second amended complaint.

**I.  Legal Standards**

  **a.  28 U.S.C. § 1915(e)(2)**

For cases proceeding *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (noting that section 1915(e) applies to all *in forma pauperis* complaints, not merely those filed by prisoners). Accordingly, "section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1127.

### b. Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure provides that to state a claim for relief, a complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." The complaint also must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The complaint must also provide each defendant with a fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F. 3d 1172, 1176 (9th Cir. 1996). Even where a complaint has the factual elements of a cause of action present but scattered throughout and not organized into a "short and plain statement of the claim," the Court may dismiss the complaint for failure to satisfy Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Dismissal of the complaint is appropriate if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F. 2d 426, 431 (9th Cir. 1969).

### c. Rule 9(b)

Rule 9(b) requires that a plaintiff alleging fraud or mistake "state with particularity circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) has been interpreted by the Ninth Circuit Court to require the plaintiff to "state the time, place, and specific content of the false representations as well as the identities of parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 31 F.3d 1097, 1103 (9th Cir.

2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."). The plaintiff must also "set forth an explanation as to why the disputed statement was untrue or misleading when made." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).

## II. Analysis of Plaintiff's First Amended Complaint

Although not entirely clear, Plaintiff's First Amended Complaint appears to assert claims against Defendants for certain criminal violations, violation of the Real Estate Settlement Procedures Act (RESPA), wrongful foreclosure, false misrepresentation, extrinsic fraud, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing, all related to the foreclosure of her home in 2004.[1] (Doc. 8.) Plaintiff alleges that in a 2004 state court action, CV2004-08567, she requested injunctive relief to stop the trustee sale of her home, which the state court denied. (Doc. 8 at 8, 11-12.) She asserts that she filed an appeal with the Arizona Court of Appeals, which the Court of Appeals dismissed "due to Plaintiff not receiving mail or reached by phone." (*Id.* at 3.) Plaintiff further asserts that she was "struggling and unaware of [the] court schedule" and Defendants made a "[m]isrepresentation to the Court." (*Id.*) Finally, Plaintiff claims that Defendants "engaged in fraudulent foreclosure to take the property belonging to the plaintiff," "[D]efendants had taken advantage of the plaintiff[']s lack of knowledge in property laws[,] the plaintiff's ability to hire counsel, and the loss of plaintiff's mother on the 18th day of April 2004," and the signature on the deed was forged. (*Id.* at 7-8.) As detailed below, the Court will dismiss Plaintiff's First Amended Complaint because her claims are time-barred and her First Amended Complaint fails to state a claim for relief.

### a. Plaintiff's claims are time-barred.

As an initial matter, the conduct about which Plaintiff complains in her First Amended Complaint occurred at least 10 years ago. Further, Plaintiff fails to assert

---

[1] Plaintiff's First Amended Complaint includes two captions that contain lists of Defendants and claims, some of which overlap.

- 3 -

allegations that show she could prove the applicable statutes of limitations were tolled. *See Jablon v. Daen Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  Accordingly, the Court will dismiss Plaintiff's claims as time-barred.  *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) ("RESPA provides a three-year statute of limitations for violations of section 2605 and a one-year statute of limitations for violations of section 2607 or 2608."); *Mister Donut of Am., Inc. v. Harris*, 723 P.2d 670, 672 (Ariz. 1986) (citing A.R.S. § 12-543) (applying a three-year statute of limitations to fraud claims); *Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003) (citing A.R.S. § 12-542) (applying a two-year statute of limitations to claims for negligent misrepresentation); *Crook v. Anderson*, 565 P.2d 908, 909 (Ariz. Ct. App. 1977) (applying a two-year statute of limitations to claims for breach of fiduciary duty); A.R.S. § 12-548 ("An action for debt shall be commenced and prosecuted within six years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by or founded on . . . A contract in writing that is executed in this state."); *Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 643 (Ariz. Ct. App. 2001) (applying a two-year statute of limitations to claims for beach of the duty of good faith and fair dealing).

**b.  Plaintiff's First Amended Complaint fails to state a claim for relief.**

The Court will also dismiss Plaintiff's First Amended Complaint because she fails to set forth a "short and plain" statement of any claim.  Instead, her First Amended Complaint offers a disjointed and confusing narrative devoid of specifically enumerated causes of action or identifiable legal theories against the Defendants she names. Therefore, Plaintiff's First Amended Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Additionally, even considering the specific causes of action and statutes Plaintiff identifies, her First Amended Complaint fails to state a claim for relief.  In the captions of her First Amended Complaint, Plaintiff cites to various federal criminal and civil statutes, a majority of which do not provide for a private cause of action.  (Doc. 8 at 1, 6.)  As to the statutes that do provide for a private right, Plaintiff's First Amended Complaint fails to set forth factual allegations sufficient to state a claim for relief pursuant to Rule 8 of

the Federal Rules of Civil Procedure. Further, specific to her fraud claims, Plaintiff fails to allege with particularity the circumstances of the alleged fraud as required by Rule 9 of the Federal Rules of Civil Procedure. For these reasons, and as explained in more detail below, the Court will dismiss all of Plaintiff's claims.[2]

### i. Criminal Claims

In her First Amended Complaint, Plaintiff cites to various federal criminal statutes, none of which allow for a private cause of action. (Doc. 8 at 1.) More specifically, Plaintiff alleges claims pursuant to the following criminal statutes: (1) 18 U.S.C. § 1005 (Bank Entries, reports and transactions); (2) 18 U.S.C. § 1519 (Destruction, alteration, or falsification of records in Federal investigations and bankruptcy); (3) 18 U.S.C. § 1341 (Frauds and swindles); and (4) 18 U.S.C. § 371 (Conspiracy to commit offense or to defraud United States). Because none of these criminal statutes provide for a private right of action, the Court will dismiss all of these claims.

### ii. Violation of RESPA

Plaintiff also alleges that Defendants violated RESPA.[3] RESPA was enacted to protect home buyers from inflated prices, eliminate industry kickbacks, and increase information to mortgage consumers about the cost of home loans. *Schuetz v. Banc One Mortgage Corp.*, 292 F.3d 1004, 1008-09 (9th Cir. 2002). Although RESPA does not provide for a general private right of action, specific provisions within RESPA do provide for a private right. *See Sanborn v. American Lending Network*, 506 F. Supp. 2d 917, 922-23 (D. Utah 2007) ("[T]he plain language of section 2601 does not provide for a

---

[2] Because Plaintiff has failed to state a claim for relief pursuant to any of the federal statutes she identifies, this Court does not have federal question jurisdiction over the remaining state law claims in Plaintiff's First Amended Complaint under 28 U.S.C. § 1331. It is unclear based on Plaintiff's allegations whether the Court has diversity jurisdiction over her claims. *See* 28 U.S.C. § 1332.

[3] Plaintiff cites to 12 U.S.C. § 1635 in support of this claim. RESPA is found in 12 U.S.C. §§ 2601-2617.

private right of action."); 12 U.S.C. § 2605 ("Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure"). Under 12 U.S.C. § 2605, "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."

Here, Plaintiff's First Amended Complaint fails to provide sufficient factual allegations to state a claim under RESPA. Although Plaintiff asserts that "WAMU [n]ever notified the plaintiff of the change over in lenders," she fails to allege any specific facts related to a transfer of the servicing of Plaintiff's loan, including when any alleged transfer took place and what entities were involved in the transfer. Further, in order to state a claim for relief pursuant to § 2605, Plaintiff must allege an actual pecuniary loss attributable to the RESPA violation. *See* 12 U.S.C. § 2605(f); *Tamburri v. Suntrust Mortg., Inc.*, 875 F.Supp.2d 1009, 1013 (N.D. Cal. 2012) (". . . RESPA does not provide for injunctive relief[;] actual damages and, in the case of a pattern or practice, statutory damages, are the only remedies available when a servicer violates the statute"). Plaintiff fails to do so in her First Amended Complaint. As such, the Court will dismiss Plaintiff's RESPA claim.

### iii. Wrongful Foreclosure

Plaintiff also alleges a claim for wrongful foreclosure. "Arizona . . . has not expressly recognized the tort of wrongful foreclosure." *In re Mortgage Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) ("Arizona state courts have not yet recognized a wrongful foreclosure cause of action."). Some courts in this District have assumed such a tort exists under Arizona law. *See Schrock v. Fed. Nat'l Mortg. Ass'n*, No. CV 11-0567-PHX-JAT, 2011 U.S. Dist. LEXIS 85765, at *6 (D. Ariz. Aug. 3, 2011) (collecting cases). However, based on at least one subsequent decision by the Arizona Court of Appeals, it is unclear whether, and under what circumstances, Arizona courts would recognize a claim for wrongful foreclosure. *See Grady v. Tri-City Nat'l*

- 6 -

*Bank*, CV 12-2507-PHX-JAT, 2013 U.S. Dist. LEXIS 69102, at *3-5 (D. Ariz. May 15, 2013) (noting that the Arizona Court of Appeals' decision in *Madison v. Groseth*, 279 P.3d 633, 688 (Ariz. Ct. App. 2012) "calls into question whether any tort claims, such as wrongful foreclosure, can survive the waiver provisions of A.R.S. § 33-811(C)," and "whether Arizona would recognize such [a] tort (because if the tort cannot survive § 33-811(c), it would be futile to recognize it)").

Even assuming that a wrongful foreclosure claim exists under Arizona law, Plaintiff has failed to state any such claim. A wrongful foreclosure claim is available only after a foreclosure had occurred and where the plaintiff was not in default at the time of the foreclosure. *Cervantes*, 656 F.3d at 1043 (wrongful foreclosure claims "typically are available after foreclosure and are premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower"); *Holt v. Countrywide Home Loans, Inc.*, No. CV11-812-PHX-JAT, 2012 U.S. Dist. LEXIS 13702, *4 (D. Ariz. 2012) ("[t]o establish a claim for wrongful foreclosure, Plaintiffs must prove that either they were not in default at the time of the foreclosure or that the foreclosing party caused their default."). Plaintiff has not set forth sufficient factual allegations regarding the elements of a wrongful foreclosure claim. Accordingly, the Court will dismiss this claim.

### iv. Fraud and Negligent Misrepresentation

In her First Amended Complaint, Plaintiff alleges claims for "False Misrepresentation § 17200" and "Fraudulent Misrepresentation." (Doc. 8.) Based on these references, it is unclear to the Court to what cause of action Plaintiff is referring. However, to the extent that Plaintiff is alleging a claim under the Business and Professional Code § 17200,[4] that Code does not provide for a cause of action. To the extent that Plaintiff seeks to assert tort claims for intentional fraud and negligent

---

[4] Plaintiff identifies "Violation of Bus. & Prof. Code § 17200" as a claim in both captions of her First Amended Complaint. (Doc. 8 at 1.)


misrepresentation, Plaintiff has failed to state a claim for relief.[5]

"A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury." *See Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982); *Carrel v. Lux*, 420 P.2d 564, 568 (Ariz. 1966). To state a claim for negligent misrepresentation, (1) there must be incorrect information given for the guidance of others in business dealings; (2) the party giving the false information intended, or could reasonably foresee, that the other parties would rely on that information; (3) the party giving the false information failed to exercise reasonable care in obtaining or communicating that information; (4) the other parties actually relied on the incorrect information to their determent and were justified in doing so; and (5) such reliance caused their damages. *See Taeger v. Catholic Family & Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999). Plaintiff must plead both claims with particularity. *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1102 ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003)) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements").

Plaintiff's First Amended Complaint lacks factual allegations sufficient to state either claim. Notably, Plaintiff fails to identify the person who made a false statement, when or where it was made, or why it was untrue or misleading. *See Yourish*, 191 F.3d at 993. Plaintiff further fails to allege that any Defendant knowingly or unreasonably made a false statement. Therefore, the Court will dismiss these claims.

---

[5] "[N]egligent misrepresentation is a separate tort from that of intentional fraud." *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1261 (Ariz. Ct. App. 1992) (citations omitted).

### v. Extrinsic Fraud

In her First Amended Complaint, Plaintiff also alleges a claim for "Extrinsic Fraud UCC 2.201." (Doc. 8 at 6.) The Uniform Commercial Code (UCC) is a uniform proposed code that generally does not provide for a separate cause of action unless codified into a state statute. *See* UCC § 2-201 ("Statute of Frauds"). Even assuming that Plaintiff meant to raise a claim under A.R.S. § 44-101, which codifies the Statute of Frauds into Arizona law, Plaintiff fails to offer any allegations that challenge the sufficiency of the mortgage contract under the Statute of Frauds. A.R.S. § 44-101.

However, courts recognize a separate claim for extrinsic fraud, which subjects a state court judgment to collateral attack. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004); *Dockery v. Cent. Ariz. Light & Power Co.*, 45 P.2d 656, 662 (Ariz. 1935).[6] To state a claim for extrinsic fraud, a plaintiff must allege that he or she was kept in ignorance of the action or proceeding, or in some other way was fraudulently prevented from presenting his claim or defense. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) ("The focus of [an extrinsic fraud] claim is not on whether a state court committed legal error, but rather on "a wrongful act by the adverse party."); *Kougasian,* 359 F.3d at 1140-41 ("A plaintiff alleging extrinsic fraud on a state court is

---

[6] The Court notes that the *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction over suits "[b]rought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). However, the doctrine does not apply to claims of extrinsic fraud in relation to state court proceedings. *Kougasian*, 359 F.3d at 1140-41 (citing *Noel v. Hall,* 341 F.3d 1148, 1164 (9th Cir. 2003).) Here, Plaintiff has provided only limited information regarding the state court complaint and any resulting judgment, and it is unclear whether Plaintiff is seeking to set aside a previous state court judgment. Further, although, as detailed below, Plaintiff fails to state a claim for extrinsic fraud, the Court will allow Plaintiff leave to amend to make clear her allegations. Therefore, the Court cannot determine at this time to what extent, if at all, the *Rooker-Feldman* doctrine applies to Plaintiff's claims.

not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party.").

While not entirely clear, Plaintiff appears to allege two acts of extrinsic fraud. First, Plaintiff alleges that Defendants delayed providing her with documents she requested. (Doc. 8 at 8.) However, Plaintiff also asserts she received at least one copy of the documents she sought. (*Id.*) ("Plaintiff claims, [t]hen two months later the [P]laintiff had asked the[] [D]efendant for another copy for the [C]ourt, the [P]laintiff had wrote notes on the first and wanted a clean copy for the [J]udge."). Further, the allegation of delay in this case is insufficient to state a claim for extrinsic fraud because Plaintiff fails to allege that the documents she requested were intentionally withheld by any specific Defendant or to explain how the delay in receiving the documents prevented her from presenting her case.

Second, Plaintiff alleges generally that a signature on the deed was forged. (*Id.* at 7, 8) ("Plaintiff claims, and believes," the signature on the deed was "signed by someone other th[a]n whom it states.") However, she fails to allege with any particularity who forged the deed, how the deed was forged, and when and where the deed was forged. Plaintiff only provides a conclusory allegation that she was unable to locate the notary and, therefore, the deed must have been forged. (*Id.*) This allegation does not address how the initial judgment was procured as a result of fraud, and thus fails to meet the standard enumerated in Rule 9 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 9(b). Finally, as to both alleged acts of extrinsic fraud, Plaintiff's allegations fail to make clear which court decision she seeks to collaterally attack. Rather, Plaintiff simply offers a brief history of her state court case, and her appeal of the trial court's ruling on her request for injunctive relief. (Doc. 8 at 3.) Accordingly, the Court will dismiss Plaintiff's claim for extrinsic fraud.

### vi.   Breach of Fiduciary Duty

Plaintiff also alleges a claim for breach of fiduciary duty. However, she fails to allege with whom she has a fiduciary relationship, or the basis of any such relationship.

(*Id.*)  Arizona law does not generally recognize a fiduciary relationship between lenders and mortgagors.  *See Valley Nat'l Bank of Phoenix v. Elect. Dist. No. 4*, 367 P.2d 655, 662 (Ariz. 1961); *Urias v. PCS Health Sys.*, 118 P.3d 29, 29–30 (Ariz. Ct. App. 2005) (holding that a debtor/creditor relationship does not create a fiduciary duty).  Moreover, contractual relationships alone do not give rise to fiduciary duties.  *Cook v. Orkin Exterminating Co.*, 258 P.3d 149, 152 (Ariz. Ct. App. 2011) ("[C]ommercial transactions do not create a fiduciary relationship unless one party agrees to serve in a fiduciary capacity.").  Here, Plaintiff has not alleged that any specific Defendant agreed to serve in a fiduciary capacity.  Accordingly, she has failed to state a claim for relief, and the Court will dismiss this claim.

### vii. Breach of Contract

Plaintiff also asserts a claim for "Reckless Breach"[7] in her First Amended Complaint.  Under Arizona law, a breach of contract claim has three requisite elements: (1) the existence of a contract, (2) its breach, and (3) resulting damages.  *Graham v. Asbury*, 540 P.2d 656, 657 (Ariz. 1975).  Here, Plaintiff fails to identify a specific contract, and she does not allege any particular breach of a contract by any particular Defendant.  (Doc. 8.)  As such, the Court will dismiss Plaintiff's claim for "Reckless Breach."

### viii. Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff also asserts a claim for breach of the implied covenant of good faith and fair dealing.  Arizona law implies a duty of good faith and fair dealing in every contract. *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986).   The covenant prohibits the parties to a contract from "any action which would impair the benefits which the other had the right to expect from the contract or the contractual relationship."  *Id.* at 570. Parties may "breach [the] duty of good faith without actually breaching an express

---

[7] Plaintiff asserts her reckless breach claim under "Sec. 1337.11." (Doc. 8 at 1.)  It is unclear to the Court to what state or federal provision Plaintiff is referring.  Accordingly, the Court will treat Plaintiff's "Reckless Breach" claim as a breach of contract claim under Arizona common law.

- 11 -

covenant in the contract." *Wells Fargo Bank v. Ariz. Laborer, Teamster & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 29 (Ariz. 2002). Arizona courts recognize that tort damages for breach of the implied covenant of good faith are available in certain circumstances in which there is a "special relationship between the parties arising from elements of public interest, adhesion, and fiduciary responsibility." *Burkons v. Ticor Title Ins. Co. of Cal.*, 813 P.2d 710, 720 (Ariz. 1991).

Here, the Court cannot discern which allegations in Plaintiff's First Amended Complaint correspond to her claim for breach of good faith and fair dealing. Further, Plaintiff has not pled any facts in her First Amended Complaint sufficient to establish the elements of such a claim. Additionally, to the extent Plaintiff seeks tort damages for her claim, she fails to allege the requisite special relationship. Therefore, the Court will also dismiss this claim.

**III.     Leave to Amend**

The Court will give Plaintiff an opportunity, if she so chooses, to amend her First Amended Complaint to show that she can prove the applicable statutes of limitations were tolled, to make her allegations clear, and to otherwise state a claim for relief. *See Lopez*, 203 F.3d at 1127 (when dismissing for failure to state a claim, "a district court should grant leave to amend if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). As the Court advised Plaintiff in its April 30, 2015 Order, in any amended complaint she files, she must assert sufficient allegations to show that she is entitled to tolling of the statute of limitations where her claims are otherwise time-barred. (Doc. 7.) Further, Plaintiff must write out, in short, plain statements, (1) the rights she believes were violated, (2) the name of the person or entity who violated each right, (3) exactly what that individual or entity did or failed to do, (4) how the action or inaction of that person or entity is connected to the violation of each right, and (5) what specific injury was suffered because of the other person's or entity's conduct.

Plaintiff is warned that if she elects to file an amended complaint and if she fails to comply with the Court's instructions explained in this Order or the Federal Rules of Civil Procedure, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was equally as verbose, confusing, and conclusory as the initial complaint").

Accordingly,

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 8) is dismissed for failure to comply with Rules 8 and 9 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint by **December 16, 2015**.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file an amended complaint by **December 16, 2015**, the Clerk shall dismiss this action without further order from this Court.

Dated this 16th day of November, 2015.

Honorable John Z. Boyle
United States Magistrate Judge